DeAnne Casperson, Esq. (ISB No. 6698)
dcasperson@workandwage.com
Amanda E. Ulrich, Esq. (ISB No. 7986)
aulrich@workandwage.com
Ryan S. Dustin, Esq. (ISB No. 8683)
rdustin@workandwage.com
Shawnee Perdue (ISB No. 8888)
sperdue@workandwage.com
CASPERSON ULRICH DUSTIN PLLC
356 W. Sunnyside Rd., Suite B
Idaho Falls, ID 83402
Telephone: (208) 524-0566
Facsimile: (208) 745-2523

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JANE DOE, an individual,<br><br>   Plaintiff,<br><br>v.<br><br>MOUNTAIN VIEW HOSPITAL, LLC, a limited liability company; IDAHO FALLS COMMUNITY HOSPITAL, LLC, a limited liability company; BRANDON BLOXHAM, D.O., an individual; JUSTIN THOMPSON, D.O.; and Jane and John Does, individuals,<br><br>   Defendants. | Case No.  4;24-cv-00360<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PROCEED WITH A PSEUDONYM** |

COMES NOW, Plaintiff, Jane Doe, by and through her counsel of record, Casperson Ulrich Dustin PLLC, and respectfully submits Plaintiff's Memorandum in Support of Proceeding with a Pseudonym.

**I.    ARGUMENT**

1 PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
  LEAVE TO PROCEED WITH A PSEUDONYM

Federal Rule of Civil Procedure 10(a) requires that the title of a complaint name all the parties. "Similarly, Rule 17(a) provides that '[a]n action must be prosecuted in the name of the real party in interest.'" *Doe v. Blackfoot Sch. Dist. # 55*, No. 4:12-CV-589 BLW, 2014 WL 806454, at *2 (D. Idaho Feb. 28, 2014). However, courts allow parties to proceed under a pseudonym under limited circumstances. *Id.*

The district court has the discretion to allow a party to proceed using a pseudonym. *See Jane Roes 1-2 v. SFBSC Mgmt.*, LLC, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015). In the Ninth Circuit, a party is "allow[ed] ... to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citations omitted). While the use of fictitious names is the exception, courts permit their use when special circumstances justify secrecy. *Jane Roe #1, et. al. v. United States*, No. 1:19-CV-00270-DAD-BAM, 2020 WL 869153 at *1 (E.D. Cal. Feb. 20, 2020). Courts must balance the need for anonymity against the public interest in transparency in the courts and the risk of unfairness to the opposing party. *Advanced Textile*, 214 F.3d at 1068.

In determining whether to allow a party to proceed anonymously, courts consider the following factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Blackfoot School Dist. # 55*, 2014 WL 806454 at *2.

> [A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party. Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary "to preserve

privacy in a matter of sensitive and highly personal nature"; and (3) when the anonymous party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]"

*SFBSC Mgmt.*, LLC, 77 F. Supp. 3d at 993 (quoting *Advanced Textile*, 214 F.3d at 1068).

In this case, the very nature of the allegations is that Defendants stigmatized Plaintiff by forcibly committing her to a behavioral health hospital against her will. Despite Defendant's wrongfully committing Plaintiff, the actions of Defendant and the Complaint stemming from Defendant's actions are extremely damaging to Plaintiff's reputation, well-being, and caused Plaintiff significant embarrassment and emotional distress. Plaintiff continues to be at risk for retaliation by future potential employers and others if she were to proceed in this case under her own name. Plaintiff should not be barred by bringing suit to protect her rights while causing the embarrassment and damage to her reputation to spread even further.

At the heart of this case is Defendants' unreasonable perception that Plaintiff was so emotionally and mentally unstable she required to be committed to a behavioral health hospital. Plaintiff merely sought FMLA to receive medical assistance with her cochlear implants and the resulting side effects and had no plan or intention of hurting herself or others. If potential future employers were to discover Plaintiff suffers from depression, anxiety, and that Defendants placed Plaintiff on a psych hold, the harm to Plaintiff could be disastrous. Mental health conditions still carry unwarranted stigma, but the stigma of mental health issues resulting in involuntarily commitment is even greater. Plaintiff's experience with Defendants is the perfect example. Plaintiff went to the HR office to seek leave to address her cochlear implant issues and the associated mental health side effects. Instead of providing Plaintiff with the leave she needed, Defendants would not let Plaintiff leave to see her own care providers, called the police (who determined there was no basis to put Plaintiff on a mental hold), coerced Plaintiff into going to the

emergency room and then had her committed Plaintiff against her will, with the knowledge of her coworkers. This situation makes clear that Defendants' improper perception of Plaintiff's mental health was a direct cause of her damages. Plaintiff's interest in keeping her personal medical and mental health information confidential outweighs the need for her to use is true name in this proceeding.

Proceeding under a pseudonym would present no prejudice to the Defendants since they already know Plaintiff's true identity, and the public interest would be served without disclosing Plaintiff's true identity because "there is nothing critical to the working of justice to reveal his identity." *SFBSC Management LLC*, 77 F.Supp.3d at 996. "The great bulk of this case will be on the public record ... [including] [t]he basic facts of [Plaintiff's] employment and the defendants' challenged conduct, the court's reasoning, and the resulting interplay of those things ... will be open to the public." *Id.* Thus, the public interest will still be served despite Plaintiff's use of a pseudonym.

For the foregoing reasons, Plaintiff respectfully requests that the Court allow her to proceed under a pseudonym in this matter.

Dated this 9th day of August 2024.

/s/
Amanda Ulrich
CASPERSON ULRICH DUSTIN PLLC